UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRYANT LYLES** | **CIVIL ACTION NO. 15-0910** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MEDTRONIC, INC., ET AL.** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

## RULING

Pending before the Court is Plaintiff Bryant Lyles' ("Lyles") Motion for Reconsideration or New Trial [Doc. No. 101]. Lyles brought this lawsuit as a result of injuries he allegedly suffered after a May 10, 2013 surgery in which his surgeon implanted the Atlantis Translational Anterior Cervical Plate System ("Atlantis Plate"), which is manufactured by Defendant Medtronic Sofamor Danek USA, Inc. ("MSD"). On March 23, 2016, the Court issued a Ruling [Doc. No. 98] and Judgment [Doc. No. 99] granting MSD's Motion for Summary Judgment [Doc. No. 80] and dismissing Lyles' remaining claims under the Louisiana Products Liability Act ("LPLA") that he suffered damage as a result of the defective construction and design of the Atlantis Plate.

On April 4, 2016, Lyles filed the instant motion. On April 14, 2016, MSD filed an opposition memorandum. [Doc. No. 103]. Lyles did not file a reply.

First, Lyles has styled his pleading a "Motion for Reconsideration or New Trial." To the extent that he moves for new trial, no trial was held. Rather, this Court entered summary judgment in favor of MSD. Second, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Whether styled a motion to reconsider or for new trial, Lyles' motion, which

was filed within 28 days of the judgment, is properly construed as a motion to alter or amend under Rule 59(e). *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc); FED. R. CIV. P. 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567-68 (citation omitted).

A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at 478-79. In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality against the need to render equitable decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Lyles contends that the Court committed a manifest error in granting summary judgment by failing to draw all reasonable inferences in his favor. Specifically, Lyles contends that the Court disregarded notations in his medical records indicating that the Atlantis Plate failed or caused an "abnormal patient reaction." [Doc. No. 83, Exhibit 1, p. 457]. Lyles further contends that

the Court erred by failing to apply the doctrine of *res ipsa loquitur.* Lyles argues that the Court mistakenly accepted as factual that he fell twice between his surgery and return to LSU on May 20, 2013. Finally, Lyles contends that the Court improperly relied on his request for a medical review panel as evidence that his surgeons caused the separation of the Atlantis Plate.

In response, MSD contends that Lyles has done nothing more than rehash arguments previously made to the Court and cite to evidence which was available prior to the Court's Ruling. MSD points out that the Court's statements about Lyles' falls are factually correct according to the medical records. [Doc. No. 80-3, p. 247; Doc. No. 103, Exhibit 1, p. 271]. Additionally, MSD contends that Lyles has not shown a defect in the Atlantis Plate when it left the manufacturer's control, has not excluded other reasonable hypotheses (including those in the package insert), and his expert's assumptions were not logical inferences.

The Court carefully considered this case. Although there was certainly some evidence that the Atlantis Plate failed or was unstable, the Court concluded, based on the evidence, that Lyles had not raised a genuine issue of material fact for trial, under the standard applicable to bench trials, that the Atlantis Plate was in an unreasonably dangerous condition when it left the manufacturer. Having considered the Motion to Reconsider or for New Trial, the Court finds no basis to set aside its previous Ruling and Judgment.[1] Thus, Lyles' motion is DENIED.

---

[1] Lyles also takes issue with footnote 2 in the Ruling. [Doc. No. 101, p. 5, n.12]. In that footnote, the Court states that Lyles "disputes the facts that he suffered from neck pain and complained of falling and dropping things in his hands." [Doc. No. 98, p. 2]. The Court then cited the progress notes of Dr. Richard P. Menger made on May 9, 2013, which detail these historical facts. *Id.* (citing Doc. No. 80, Exh. 1, Extract of LSUHSC Record, p. 7). Lyles now states that he does NOT dispute these facts.

However, Lyles filed a "Statement of Material Facts as to Which There is a Genuine Dispute." [Doc. No. 83-14]. Paragraph 3 of that document provides: "Lyles disputes Defendant's

MONROE, LOUISIANA, this 4th day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

paragraph 3. The medical record cited by Defendant does not indicate that Lyle[s] suffered from neck pain, complaints of falling, or complaints of dropping things on May 9, 2013." *Id.* at ¶ 3.